UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OPAL A. HINES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-0999-RLY-TAB |
| | ) | |
| DAIMLERCHRYSLER CORP., | ) | |
|     Defendant. | ) | |

**ENTRY ON DAIMLERCHRYSLER'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Opal A. Hines, filed the present lawsuit against Defendant, DaimlerChrysler Corporation, alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq*. ("Section 1981"). On December 28, 2004, this court dismissed Plaintiff's count of sexual harassment with prejudice pursuant to Rule 12(b)(6) because Plaintiff failed to file her complaint within 90 days of receipt of her Notice of Right to Sue from the Equal Employment Opportunity Commission. (*See* Defendant's Exhibit A).

Defendant now moves for summary judgment with respect to Count II of Plaintiff's Complaint, the Title VII retaliation claim. For the reasons set forth below, the court **DENIES** its motion.

**I.**    **Summary Judgment Standard**

1

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. *See Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 392 (7th Cir. 1992). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322)).

**II.     Factual Background**

Plaintiff began working for DaimlerChrysler on June 29, 1992, as an hourly employee. (Defendant's Ex. C at 15-16). On June 16, 2003, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging

that six of her supervisors had sexually harassed her. (Defendant's Ex. D). On August 13, 2003, Plaintiff received a 30-day disciplinary layoff by her supervisor, Garry Jones, for not reporting to her workstation on time. (Defendant's Ex. F, ¶ 3). On September 15, 2003, Plaintiff filed another charge of discrimination alleging that the August 13, 2003 disciplinary layoff was in retaliation for filing the June 16 charge of discrimination. (Defendant's Ex. E). Thereafter, on October 16, 2003, Plaintiff was terminated for insubordination. (Defendant's Ex. G, ¶ 10). Allegedly, Plaintiff was away from her workstation (on a bathroom break) in violation of company policy. When asked by her supervisor, Jeff Herrod, why she was absent, she said, "I had to take a shit." (Defendant's Ex. C at 75). Labor Relations later reduced Plaintiff's termination to a 10-day suspension. (Defendant's Ex. C at 72).

Any other fact necessary to this opinion will be discussed below.

### III.  Discussion

Plaintiff contends that the discipline she received on August 13, 2003, and October 16, 2003, was in retaliation for filing her EEOC charges of discrimination. To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) she suffered a material adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). DaimlerChrysler challenges elements two and four of Plaintiff's prima facie case.

The issue of whether Plaintiff was performing her job to DaimlerChrysler's legitimate expectations is intertwined with the issue of whether the legitimate, nondiscriminatory reason offered by DaimlerChrysler for disciplining Plaintiff – violating company policy – may be considered pretext. *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1124 n.4 (7th Cir. 1994). Accordingly, the court will address whether Plaintiff was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.

In support of Plaintiff's position, Plaintiff has submitted the affidavit of co-worker Jennifer Preston.[1] Ms. Preston worked in the same department and therefore had the same supervisors as Plaintiff during all relevant times, and was one of 25 to 30 employees that reported to workstations at the same time as Plaintiff. (Plaintiff's Ex. 7, ¶¶ 6-8). Ms. Preston testified that she has never been disciplined for being late to her workstation, and that she was not disciplined for taking a restroom break with Plaintiff on October 16, 2003. (Plaintiff's Ex. 7, ¶¶ 10, 13). The court finds this evidence raises a genuine issue of material fact as to whether Plaintiff was treated less favorably than similarly situated employees.

The court now turns to the issue of pretext. A plaintiff may show pretext "by

---

[1] DaimlerChrysler objects to portions of the affidavit of Jennifer Preston and the affidavit of David Hines. DaimlerChrysler contends vast portions of these affidavits are not based upon personal knowledge, are speculative and/or conclusory. The court has reviewed these affidavits and strikes paragraphs 14, 15 and 16 of Mr. Hines' affidavit, and paragraph 16 of Ms. Preston's affidavit.

demonstrating that the [employer's] reasons are factually baseless, were not the actual motivation for the discharge, or were insufficient to motivate the discharge." *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 983 (7th Cir. 1999) (citation omitted).

In this case, DaimlerChrysler contends that on August 13, 2003, Plaintiff was 20 minutes late to her workstation (her shift began at 7:00 a.m.), and was therefore disciplined pursuant to company policy. Plaintiff contends DaimlerChrysler's claim that she was late is factually baseless. (Plaintiff's Ex. 11; Plaintiff's Ex. 2 at 70). In support of her position, she relies upon the affidavits of two of her co-workers, Mr. Hines and Ms. Preston. Mr. Hines testified he witnessed Plaintiff at her workstation at 7:00 a.m. (Plaintiff's Ex. 6, ¶ 18). Mr. Hines further stated that Plaintiff's co-workers frequently arrived a few minutes late to their respective workstations, yet he never witnessed a co-worker receive discipline as a result of that minor offense except Plaintiff. (Plaintiff's Ex. 6, ¶¶ 11, 13). Ms. Preston testified that she saw Plaintiff at her workstation at 7:06 a.m., and that she never saw Plaintiff arrive more than five minutes late in the three years she worked with Plaintiff. (Plaintiff's Ex. 7, ¶¶ 7, 11).

With respect to the October 16, 2003 incident, Ms. Preston testified that testified that she and Plaintiff left for a bathroom break at the same time, yet Ms. Preston was not disciplined. (Plaintiff's Ex. 7, ¶ 13). While Plaintiff's response to her supervisor as to her whereabouts was clearly inappropriate, the court finds Plaintiff has raised an issue of fact as to whether Plaintiff was disciplined as a result of the charges of discrimination she filed.

**IV.     Conclusion**

     For the reasons stated above, the court finds this case is best left for jury determination.  Accordingly, the court **DENIES** DaimlerChrysler's Motion for Summary Judgment.

**SO ORDERED** this  7th   day of September 2005.

                                                                              RICHARD L. YOUNG, JUDGE
                                                                              United States District Court
                                                                              Southern District of Indiana

Electronic Copies to:

Martin D. Allain
FULK & ALLAIN
mdallain@fulk-allain.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Shannon Marie Shaw
BARNES & THORNBURG LLP
shannon.shaw@btlaw.com